PER CURIAM
Granted. The district court is directed to decide the choice of law issue prior to *1197 trial. See La. Code Civ. art. 929; Babineaux v. Pernie-Bailey Drilling Co. , 261 La. 1080, 262 So.2d 328 (1972).
HUGHES, J., would deny and assigns reasons.
GENOVESE, J., would deny and assigns reasons.
Hughes, J., would deny the writ.
Respectfully, this is a really big dog being wagged by its tail.
Louisiana law provides for fact pleading. Only after the facts are determined by the fact finder is the judge able to apply the applicable law. Even if the law of another state may be applicable, Louisiana procedure is used.
Babineaux is clearly distinguishable. This case presents a choice of law question, not a nonsensical partial exception of no right of action.
Genovese, J., dissents and would deny this writ for the following reasons:
The issue in this case is whether the trial court erred in deferring the choice of law determination of whether Texas punitive damages law applies until the close of evidence. This case arises from a fire and explosion in the backyard of plaintiff, Michelle Williams, and her husband, Dr. Richard Williams, caused by a natural gas leak. Dr. Williams sustained serious burns and died from his injuries approximately three months later.
After plaintiffs filed suit and discovery was had, defendant, CenterPoint Energy Resources Corp. ("CenterPoint Energy"), filed a motion for partial summary judgment and an exception of no right of action. The trial court denied both motions and deferred the choice of law issue until the close of evidence. The court of appeal denied writs. Defendant applied for writs to this court. The majority of this court granted defendant's writ stating, "The district court is directed to decide the choice of law issue prior to trial. See La. Code Civ.P. art. 929 ; Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972)." I disagree with granting the writ and the directed procedure.
First, La. Code Civ.P. art. 929(B) emphasis added) states, "If the peremptory exception has been filed after the answer, but at or prior to the trial of the case, it shall be tried and disposed of either in advance of or on the trial of the case." The trial court deferred the choice of law issue until the close of evidence. The trial court's ruling did not violate La. Code Civ.P. art. 929 in that its ruling (at the close of evidence) would dispose of the peremptory exception "on the trial of the case." Second, Babineaux is inapposite. In Babineaux , there was an issue as to whether the plaintiff in that case lacked good faith in asserting she was married to the decedent. There is no such issue in this case. Here, defendant's exception of no right of action is totally without merit as it is undisputed that the plaintiffs are the proper parties with a right of action to bring this suit. Likewise, defendant's motion for partial summary judgment is equally without merit because there are serious questions of material fact relating to the issue of choice of law.
More importantly, by granting this writ and directing the district court "to decide the choice of law issue prior to trial," the majority has deprived plaintiffs of their fundamental right to a jury trial on the factual issues presented. In my view, the jury must decide the facts in this case and not the judge. The majority has placed the proverbial "cart before the horse." The facts come first, then the law. In a jury trial, such as in this case, it is the jury which decides the facts, not the judge. To *1198 require the judge to decide the facts in this case relative to the issue of choice of law is to strip plaintiffs of their fundamental right to a trial by jury on those factual issues. If a bifurcated trial is required to legally address the issue of choice of law in this case, then so be it.
Consequently, I would deny the writ.